UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALISHA H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:22-cv-05810-GJL <br><br> ORDER ON PLAINTIFF'S MOTION TO AMEND JUDGMENT |

On June 7, 2023, the Court determined the ALJ did not err in finding Plaintiff not disabled and affirmed Defendant's decision to deny Plaintiff's application for Supplemental Security Income benefits. Dkt. 28. The Court entered judgment for Defendant on the same date. Dkt. 29. Presently before the Court is Plaintiff's Motion to Amend Judgment under Fed. R. Civ. P 59(e) ("Motion"). Dkt. 32. Plaintiff argues the Court should alter the judgment and reverse Defendant's decision to deny benefits because the Court's decision is based on a clear error of law. *Id.* at 2.

The Court may alter or amend a judgment under Rule 59(e) where the Court "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

In reaching its decision, the Court considered the record as a whole and the arguments of the parties, including Plaintiff's previously raised argument that the ALJ erred by considering evidence about Plaintiff's Drug Addiction or Alcoholism ("DAA") when evaluating the testimony of Plaintiff and the opinions of her doctors. Dkt. 32 at 2; Dkt. 28 at 11-13. Plaintiff largely reiterates the same arguments, including that the ALJ used Plaintiff's DAA "to discredit medical opinions and Plaintiff's testimony before finding disability," and that this runs contrary to *Bustamante*, 262 F.3d 949, 955 (9th Cir. 2001), which requires the ALJ to first determine RFC and disability before determining whether the claimant would be disabled absent DAA. Dkt. 32 at 2-5.

Plaintiff argues, "[a]t no point in either RFC assessment can DAA be used as an impairment to discredit other impairments, the claimant's testimony, or a medical opinion, any more than the ALJ could use any other severe impairment to reject an opinion. For example, the ALJ cannot use a claimant's headaches, if required to separate them out, to undermine back pain claims or an opinion concerning back pain effects. DAA is no different than headaches, except that Congress changed the law to eliminate compensation for DAA[.]" Dkt. 32 at 3. The Court

agrees that using DAA in this manner — "as a moral cudgel to reject Plaintiff's subjective claims and medical opinions," Dkt. 32 at 4 — would be error.

Here, however, the ALJ did not use the mere fact that Plaintiff suffers from DAA to undermine opinions and testimony. Rather, the ALJ considered certain facts related to Plaintiff's DAA when determining the credibility of Plaintiff and the persuasiveness of her doctors' opinions. *See* AR 4285 ("However, [Dr. Wheeler] failed to account for the drastic difference in the claimant's mental impairments and overall functioning in the absence of substance use"), AR 4287 ("Dr. Wingate's conclusion that the claimant's symptoms continue when abstinent is inconsistent with the complete record. As discussed above, the claimant's symptoms largely stabilized with treatment compliance and sobriety"), AR 4274 (noting Plaintiff failed to report a current relapse to Dr. Wheeler during the February 2021 evaluation).

To use Plaintiff's analogy: if a claimant's headaches reside after taking painkillers, the ALJ may use this evidence to reject their doctor's conclusion that medication does not remedy their symptoms. *See Yesenia K. v. Comm'r of Soc. Sec.*, No. 1:21-CV-3039-TOR, 2022 WL 1843975, at *9 (E.D. Wash. Feb. 8, 2022), *aff'd sub nom. Kelley v. Kijakazi*, No. 22-35270, 2023 WL 2236869 (9th Cir. Feb. 27, 2023) ("The ALJ found that Dr. Morgan's opinion that Plaintiff's impairments were not primarily the result of a substance use disorder conflicted with the treatment notes that demonstrate her symptoms improved dramatically with abstinence from substance abuse. This is a specific and legitimate reason for assigning the opinion little weight."). Plaintiff attempts to distinguish *Yesenia K.* and the other cases cited by the Court in its Order, arguing that in each of these cases, "the ALJ correctly first found disability, then reassessed the RFC for a second time, separating out the effects of DAA." Dkt. 32 at 2; *see* Dkt.

1  28 at 12-13. This is irrelevant to the credibility determination and does not demonstrate any error

2  by the ALJ here, who found Plaintiff was not disabled *with DAA* in the first instance.

3       For the foregoing reasons Plaintiff's motion to amend the judgment (Dkt. 32) is

4  denied.

5       Dated this 11th day of August, 2023.

                                 Grady J. Leupold
                                 United States Magistrate Judge